**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **DEMETRIS PARDUE, #070104097,**  )  | |
| Plaintiff,  ) | |
| ) | |
| v.  ) | 3:07-CV-0496-P |
| ) | ECF |
| **FBI, et al.,**  ) | |
| Defendants.  ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the Court in implementation thereof, the subject cause has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a *pro se* civil rights action brought by county inmate pursuant to 42 U.S.C. § 1983.

Parties: Plaintiff is presently confined at the Dallas County Jail in Dallas, Texas. Defendants are the FBI, the Klu Klux Klan, the Mexican Mafia, Lina Ukele, Dorthy Ukele, the state courts, Bank of America, Ruthie Pardue, the Texas Syndicate, the Dallas County Sheriff's Department psyche doctor and nurses, El Centro College Police, and the Wichita State Mental Hospital. The Court did not issued process in this case, pending preliminary screening.

Statement of Case: Even when liberally construed in accordance with Plaintiff's *pro se* status, the complaint is very difficult to understand. It appears Plaintiff seeks monetary relief for a "wrongful death" and for false criminal charges.

Findings and Conclusions:  The Court has permitted Plaintiff to proceed *in forma pauperis*.  His complaint is, thus, subject to screening under 28 U.S.C. § 1915A, which imposes a screening responsibility on the district court.  Section 1915A reads in pertinent part as follows:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

28 U.S.C. § 1915A(a) and (b) (emphasis added).  *See also* 28 U.S.C. § 1915(e)(2)(B).

A complaint is frivolous, if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  In *Denton v. Hernandez*, 504 U.S. 25, 32 (1992), the Supreme Court recognized that a court may dismiss a complaint as frivolous when it is based on an indisputable meritless legal theory or when the factual contentions are "clearly 'baseless.'"  The latter category encompasses claims which describe "fantastic or delusional" scenarios, or which "rise to the level of the irrational or the wholly incredible." *Id.* at 33.

Plaintiff's claims in this action are factually frivolous.  His allegations regarding the Mexican Mafia, Klu Klux Klan, harassment, changing of transcript, and forcing him to take medications at mental hospitals, describe fantastic or delusional scenarios which are clearly irrational and incredible.  Therefore, this action should be dismissed with prejudice as frivolous. *See Marts v. Hines*, 117 F.3d 1504, 1506 (5th Cir. 1997).[1]

---

[1] A search of the United States Party/Case Index indicates that four days before filing this action, Plaintiff filed a federal habeas corpus petition in this court purportedly challenging criminal charges presently pending against him in Dallas County.  *See Pardue v. Dallas County Sheriff Department*, 3:07cv0469-R (N.D. Tex.) (referred to Magistrate Judge Stickney for screening).

RECOMMENDATION:

For the foregoing reasons, it is recommended that this action be DISMISSED with prejudice as frivolous pursuant to 28 U.S.C. § 1915A(b) and 1915(e)(2)(B)(i).

A copy of this recommendation will be transmitted to Plaintiff.

Signed this 23rd day of March, 2007.

*Wm. F. Sanderson, Jr.*

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.